FILED

MAR 1 0 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re                                          )    Case No. 08-26680-A-7
                                               )
THEODORE E. HONKANEN and                       )
MARCELLA J. HONKANEN,                          )
                                               )
                                               )
                                               )
        Debtor.                                )
                                               )
_____        )
                                               )    Adv. No. 08-2469
SUSAN J. ARCHER,                               )
                                               )
                                               )
        Plaintiff,                             )
                                               )
vs.                                            )
                                               )
MARCELLA J. HONKANEN,                          )
                                               )
                                               )
        Defendant.                             )
                                               )
_____        )

**MEMORANDUM**

Plaintiff Susan Archer's complaint asserts that her claim

against defendant Marcella Honkanen is made nondischargeable by

11 U.S.C. § 523(a)(4).[1]  This court agrees because another court

previously determined that the defendant owed the plaintiff a

_____

[1] Actually, the plaintiff is now the chapter 7 trustee of
Ms. Archer, J. Michael Hopper.  Ms. Archer filed her own chapter
7 petition, Case No. 09-28930.  The court permitted Mr. Hopper to
intervene prior to trial.



1 fiduciary duty and her intentional breach of that duty injured

2 the plaintiff.  The resulting damages are nondischargeable.

3      The defendant acted as the plaintiff's real estate broker in

4 a pre-petition transaction.  In that transaction, the plaintiff

5 attempted to purchase real property from a third party.  The

6 defendant represented the plaintiff in that transaction.

7      When the transaction was not consummated, the plaintiff

8 filed suit against the defendant in state court.  The state court

9 suit accused the defendant of performing her duties negligently

10 and of an intentional breach of her fiduciary duty.  This alleged

11 breach consisted of making intentional misrepresentations to the

12 plaintiff concerning a real estate purchase agreement and the

13 sufficiency of the plaintiff's performance under it, in addition

14 to failing to disclose the inadequacy of the her performance.

15      The plaintiff further accused the defendant of breaching her

16 fiduciary duty of loyalty by acting in the interests of the

17 seller rather than in the plaintiff's interest.  This was done by

18 falsely informing the seller that the plaintiff could not satisfy

19 the financing requirements for the purchase and was in breach of

20 the sale agreement.

21      The state court lawsuit resulted in a jury verdict awarding

22 damages to the plaintiff.  The jury's special verdict concluded

23 that the plaintiff's total damages were $356,000.  Even though

24 the jury apportioned negligence between the parties, finding the

25 defendant 70% at fault and the plaintiff 30% at fault, it awarded

26 the plaintiff 100% of her damages.  This apparent inconsistency

27 in the verdict is explained by the fact that the jury also

28 concluded that defendant had breached her fiduciary duty to the

1  plaintiff when she made the intentional misrepresentations and

2  breached her duty of loyalty.  This is clear from the jury's

3  special verdict which awarded the plaintiff her entire $356,000

4  loss, not just 70% of it.

5      Section 523(a)(4) provides that an individual is not

6  discharged "from any debt for fraud or defalcation while acting

7  in a fiduciary capacity, embezzlement, or larceny."

8      The fiduciary capacity requirement applies only to debts for

9  fraud or defalcation.  Embezzlement and larceny do not require

10  the existence of a fiduciary relationship.  See Cal-Micro, Inc.

11  v. Cantrell (In re Cantrell), 329 F.3d 1119, 1125 (9th Cir.

12  2003); see also Lewis v. Scott (In re Lewis), 97 F.3d 1182, 1185

13  (9th Cir. 1996); Transamerica Commercial Fin. Corp. v. Littleton

14  (In re Littleton), 942 F.2d 551, 555 (9th Cir. 1991).

15      Only two questions exist under section 523(a)(4) when fraud

16  or defalcation are involved: whether the defendant committed

17  fraud or defalcation and whether it was committed in relation to

18  the debtor's fiduciary responsibilities.  Bugna v. McArthur (In

19  re Bugna), 33 F.3d 1054, 1057 (9th Cir. 1994).

20      The definition of fiduciary capacity under section 523(a)(4)

21  is a question of federal law.  Cantrell, 329 F.3d at 1125.  The

22  state law does not control the definition of fiduciary.  Id.  The

23  fiduciary relationship must arise from an express or technical

24  trust that was imposed before and without reference to the

25  wrongdoing that caused the damage to the plaintiff.  Id. (citing

26  Lewis, 97 F.3d at 1185).  Courts rely on state law only to

27  ascertain whether the required trust relationship exists.

28  Cantrell, 329 F.3d at 1125.  Thus, the defendant was not a

1 | fiduciary merely because the state court concluded that she was a

2 | fiduciary.

3 |     The Ninth Circuit has held that the fiduciary duty a real

4 | estate broker owes her client under California law makes the

5 | broker a fiduciary for purposes of section 523(a)(4).  Bugna, 33

6 | F.3d at 1057 (citing Woosley v. Edwards (In re Woosley), 117 B.R.

7 | 524, 529 (B.A.P. 9th Cir. 1990)).  There is no dispute in this

8 | case that the defendant served as a real estate broker for the

9 | plaintiff.  Hence, in this case the defendant was the plaintiff's

10 | fiduciary.

11 |     For purposes of section 523(a)(4), defalcation is defined as

12 | the misappropriation of trust funds or money held in any

13 | fiduciary capacity.  Lewis, 97 F.3d at 1186.  Here, the plaintiff

14 | is not alleging a defalcation by the defendant.

15 |     Under section 523(a)(4), a fiduciary who commits an actual

16 | fraud may not discharge the resulting liability.  See Roussos v.

17 | Michaelides (In re Roussos), 251 B.R. 86, 94 (B.A.P. 9th Cir.

18 | 2000); see also Bell v. Berry (In re Berry), 174 B.R. 449, 453

19 | (Bankr. N.D. Tex 1994).  To prove actual fraud, the plaintiff

20 | must prove: (1) a misrepresentation, concealment or nondisclosure

21 | of a material fact; (2) made intentionally by the defendant; (3)

22 | with the intent and purpose to deceive the plaintiff; (4)

23 | justifiable reliance by the plaintiff; and (5) a resulting

24 | injury.  Odorizzi v. Bloomfield School Dist., 246 Cal. App. 2d

25 | 123, 128 (1966).

26 |     The complaint alleges that the "[d]efendant . . . assured

27 | [p]laintiff that her tender of performance was adequate."

28 | "Plaintiff was advised by [d]efendant . . . that her tender of

these items satisfied her requirements under the contract."
"Said representation was intentionally false."  Complaint ¶ 7.
"Defendant . . . intentionally concealed the seller's objections
from [p]laintiff, denying her the opportunity to cure the
defaults."  Complaint ¶ 8.  "Such statements . . . were made with
the intent to induce the [p]laintiff to breach the 2004
[c]ontracts and induce seller to cancel the [c]ontracts, all to
[p]laintiff's direct detriment."  Complaint ¶ 10.  The complaint
also refers to harm sustained by the plaintiff in the amount of
$356,000, resulting from the defendant's actions.  Complaint ¶
15.  These allegations mirror allegations appearing in the state
court complaint.  See Trial Exhibit 2, ¶ 7-15.

      By virtue of these allegations, the plaintiff is asserting
that the defendant committed actual fraud in connection with her
duties as the plaintiff's real estate broker.  They state a claim
for fiduciary fraud.

      The plaintiff proved these allegations in state court.  As
noted above, the jury found for the plaintiff on both her
negligence and intentional breach of fiduciary duty claims.
Having actually litigated the existence of a fiduciary duty and
the breach of that duty by making intentional misrepresentations,
the doctrine of issue preclusion prevents the defendant from
relitigating these issues.  See Grogan v. Garner, 498 U.S. 279,
284 (1991).  California law is in accord.  See Gayden v.
Nourbakhsh (In re Nourbakhsh), 67 F.3d 798, 800 (9th Cir. 1995);
Harmon v. Kobrin (In re Harmon), 250 F.3d 1240, 1245 (9th Cir.
2001).  Even assuming issue preclusion did not prevent
relitigation of the issues, the defendant offered no exculpatory

1 | evidence.

2 |     Therefore, the judgment of the state court is made

3 | nondischargeable by section 523(a)(4).  Counsel for the plaintiff

4 | shall lodge a conforming order.

5 | Dated: November 24, 2009

6 |                         By the Court

7 |

8 |                        Michael S. McManus, Judge

9 |                        United States Bankruptcy Court

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

### CERTIFICATE OF SERVICE

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was served by mail to the following entities listed at the address(es) shown below.

Charles Tweedy
11341 Gold Express Dr #110
Gold River, CA 95670

J. Cunningham
1830 15th St
Sacramento, CA 95811

Kirk Rimmer
1126 2nd St
Sacramento, CA 95814

W. Cooper
2525 Natomas Park Dr #320
Sacramento, CA 95833

DATED: **MAR 1 0 2010**

By: _____
Deputy Clerk
Sarah Head